UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

FAMIAN CORNADO,

        Plaintiff,

  -v-                                           No.  11CV5188-LTS-HBP

CITY OF NEW YORK, et al.,

        Defendants.

-----------------------------------------------------------x

## MEMORANDUM ORDER

        Pro se plaintiff Famian Cornado ("Plaintiff" or "Cornado") brings this action against the New York City Police Department (the "NYPD") and individually-named defendants who are members of the NYPD (the "Officers," and together with the NYPD, "Defendants").[1] Plaintiff alleges that Defendants deprived him of his civil rights when the Officers falsely arrested him on July 29, 2006, and used excessive force in the process.[2]  Plaintiff further alleges that Defendants acted with deliberate indifference to his medical needs, denying him care, while he was in police custody on July 29, 2006.  Defendants move to dismiss this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's state law statutory claims pursuant to 28 U.S.C. § 1367.  The Court has thoroughly considered the parties'

---

[1]    Individual defendants include Police Officers Charles Brown (Shield # 949), Terel Anderson (Shield # 03814), and John Doe (Shield # 1320).  Pursuant to an August 15, 2011, court order, Police Officer Reginald Jones was named as the John Doe defendant.  (Docket entry number 24, "Order of Service," n. 1.)

[2]    Plaintiff filed this action in the Northern District of New York on October 26, 2009.  The action was transferred to the Southern District of New York on July 27, 2011.

submissions and arguments and, for the following reasons, the Court grants Defendants' motion to dismiss Plaintiff's claims in their entirety.

## BACKGROUND

In his complaint, Plaintiff describes a series of alleged brutal beatings and other actions, by both Defendants and unnamed third-parties, that allegedly left him with serious injuries.[3]  Plaintiff alleges that, on the night of July 29, 2006, two undercover NYPD officers who were searching for him pursuant to outstanding warrants "brutally and continuously assaulted" him, "powerfully [striking him] from behind . . . knock[ing him] to the ground . . . kicking [him repeatedly] in the face, ribs, abdomen and groin areas." (Cornado Aff. ¶ 24; Am. Compl. ¶ 3.)  In particular, Plaintiff contends that the Officers kicked him in the mouth during the arrest, shattering his dentures and causing pieces of them to become embedded in his gums. (Am. Compl. ¶ 3.)  According to Plaintiff, the Officers' attack also caused broken ribs, numerous bruises, severe gashes, and the loss of multiple teeth, as well as ongoing loss of sight, back problems, headaches and severe testicular pains "leading to urinal and impotence difficulties." (Id.)

Plaintiff further alleges that, upon regaining consciousness at a hospital following the arrest, he was attacked again by the Officers.[4]  (Id. ¶ 4.)  Plaintiff claims that the Officers "refused to let the [hospital's] medical staff attend to" him, but instead "brought [him] back to the [police] car," took him to the Manhattan Detention Complex, and placed him in a cell where he "remained for many hours bleeding profusely and in extreme pain before [he] received any

---

[3]  Unless otherwise noted, Plaintiff's allegations are drawn from the Amended Complaint dated January 7, 2010 ("Am. Compl."), and documents incorporated therein by reference.

kind of medical treatment." (Id.) Plaintiff avers that he requested medical attention, but it was denied him. (Cornado Aff. ¶ 8.) Plaintiff alleges that he was brought to Presbyterian Hospital on the following day (id.) and that the Officers provided a false name and social security number for him at the hospital (id. ¶ 12).

Based on events that occurred during Plaintiff's arrest on July 29, 2006, Plaintiff was charged with Assault in the Second Degree and was convicted on June 26, 2007. (Cornado Aff. Exs. A, B, and D.) Plaintiff alleges that the prosecutor and his defense lawyer sealed the trial record without his permission. (Id. ¶¶ 32, 44.) Plaintiff's conviction was affirmed by the Appellate Division in 2009. See People v. Cornado, 874 N.Y.S. 2d 463, 464 (N.Y. App. Div. 2009).

Defendants have moved to dismiss the Amended Complaint in its entirety, arguing that Plaintiff fails to state a legally cognizable claim of a civil rights violation under section 1983 of title 42 of the United States Code.

DISCUSSION

In deciding a motion to dismiss a complaint, the Court assumes Plaintiff's allegations to be true and draws all reasonable inferences in favor of Plaintiff, the non-moving party. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). To be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged . . . [and must show] more than a sheer possibility that a defendant has acted unlawfully." Id.

Allegations in a pro se complaint "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (internal citations and quotation marks omitted). "Pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 79, 75 (2d Cir. 1996)). In evaluating a motion to dismiss, a court may consider only the "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). The Court may, however, consider affidavits and other materials outside of a pro se plaintiff's complaint when deciding a motion to dismiss, to the extent these materials are consistent with the allegations in the complaint. See Tsai v. Rockefeller Univ., 137 F. Supp. 2d 276, 280 (2d Cir. 2001) (considering pro se plaintiff's papers filed in opposition to motion to dismiss). The Court therefore considers Plaintiff's sworn affirmation in support of the Amended Complaint and other documents filed in opposition to Defendants' motion to dismiss, to the extent that they are consistent with allegations in the Amended Complaint.

Timeliness of Section 1983 Claims

Plaintiff invokes section 1983, asserting that Defendants, acting under color of state law, violated rights guaranteed to him by the Constitution and laws of the United States. See 42 U.S.C. § 1983. Defendants argue, as a threshold matter, that Plaintiff's federal claims under section 1983 are time-barred because he did not file his claims within the applicable three-year statute of limitations period.

State law governs the statute of limitations for civil rights claims under section 1983, while federal law determines when a claim accrues.  Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).  The statute of limitations for claims under section 1983 in New York is three years.  Lawson v. Rochester City Sch. Dist., 446 F. App'x 327, 328 (2d Cir. 2011).

Under federal law, a section 1983 claim generally accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999) (internal quotation marks omitted); accord Eagleston, 41 F.3d at 871 (holding that, in determining when the limitations period began, courts should look to "the time of the . . . act, not the point at which the consequences of the act become[ ] painful") (quoting Chardon v. Fernandez, 454 U.S. 6, 8 (1981)) (internal quotation marks omitted).  A section 1983 claim for false arrest accrues at the time of the arrest, not after a subsequent adjudication demonstrates that defendant wrongfully arrested the plaintiff.  Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).  An excessive force claim accrues "when the use of force occurred."  Fairley v. Collins, No. 09 Civ. 6894 (PGG), 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011); see also Perez v. Johnson, No. 07 Civ. 3761(NRB), 2008 WL 2876546, at *2 (S.D.N.Y. July 23, 2008) (holding that plaintiff's claim for excessive force accrued "when he was allegedly injured by the arresting officers").  Generally, a deliberate indifference claim accrues "when the plaintiff knows or has reason to know of the harm."  Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).[3]

---

[3]    The "continuing violation" exception to this general rule tolls the accrual of the cause of action where a series of acts on a defendant's part, taken together, comprises a violation of the Eighth Amendment through a demonstrated policy of deliberate indifference to serious medical needs.  Shomo, 579 F.3d at 181-84.  In this case, Plaintiff has alleged no facts implicating such a continuing violation.

Thus, with respect to Plaintiff's false arrest and excessive force claims, the statute of limitations expired three years after July 29, 2006, the day of his alleged false arrest and assault. Plaintiff's claims for deliberate indifference to serious medical needs accrued when he requested and was allegedly denied treatment, on July 29 and July 30, 2006. As Plaintiff did not file his complaint until October 26, 2009,[4] approximately three years and three months after the relevant events, each of these causes of action is time-barred unless there is a basis for tolling of the statute of limitations.

A plaintiff may resuscitate an otherwise time-barred section 1983 action by demonstrating cause for equitable tolling. Abbas v. Dixon, 480 F.3d 636, 641-42 (2d Cir. 2007). "[S]tate tolling rules determine whether the limitations period has been tolled, unless state tolling rules would defeat the goals of section 1983." Id. at 641 (citation and internal quotations marks omitted). Courts have repeatedly held, however, that equitable tolling should be "applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); see also Veltri v. Bldg. Serv. 32B–J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004) (stating that equitable tolling "applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances"); Doe v. Holy See (State of Vatican City), 793 N.Y.S. 2d 565, 569 (N.Y. App. Div. 2005) (stating that "[d]ue diligence on the part of the plaintiff in bringing [an] action" is an essential element of equitable tolling) (citations and

---

[4] For statute of limitations purposes, a pro se prisoner's complaint is deemed filed the moment he turns it over to prison officials to be filed in court. Abbas v. Dixon, 480 F.3d 636, 638 n. 1 (2d Cir. 2007) (internal citations and quotation marks omitted). Under this rule, a pro se plaintiff's claim is deemed filed on "the earliest date reflected on the original complaint." Fairley v. Collins, 09 Civ. 6894 (PGG), 2011 WL 1002422 (S.D.N.Y. Mar. 15, 2011). Plaintiff did not sign or date his first Complaint. The earliest date reflected on the Complaint is October 26, 2009, the postmark date. Plaintiff has not alleged that he turned his Complaint over to prison officials for transmission to the court at any earlier date, even in papers he filed after Defendants raised the statute of limitations argument. For statute of limitations purposes, therefore, the Court deems the Complaint to have been filed on October 26, 2009.

quotation marks omitted).  A plaintiff must demonstrate that he was "prevented in some extraordinary way" from timely filing the 1983 action.  See Pearl v. City of Long Beach, 296 F.3d 76, 85 (2d Cir. 2002) (quotation marks omitted).

Therefore, unless Plaintiff can demonstrate that "it would have been impossible for a reasonably prudent person to learn about his . . . cause of action" and timely file his complaint, see Pearl, 296 F.3d at 85 (emphasis original), he is time-barred from pursuing any section 1983 claims that accrued more than three years prior to the date he filed his first Complaint.

Plaintiff argues that the accrual of his claims should be tolled because "[t]he defendants created a legal barrier . . . to obscure the physical conditions and assessments as to how he receive[d] those injuries" by providing a false name and social security number for Plaintiff when they took him to the hospital, and when, after Plaintiff was convicted of Assault in the Second Degree, the prosecutor and his defense lawyer allegedly sealed the record without his permission.  (Cornado Aff. ¶¶ 12, 32, 44.)  According to Plaintiff, the sealing of the record has made it "very difficult to bring proof" of Plaintiff's claims.  (Id. ¶ 32.)  Plaintiff further asserts that the erroneous name and social security number made it difficult for him to obtain his hospital records and to know the injuries that are the bases of his action, because "[s]uch knowledge . . . of the full records of the injuries did not come about until the plaintiff then released from prison and an intensive investigation by him of the medical records [sic]."  (Id. ¶¶ 35-36.)

These allegations do not provide a proper basis for equitable tolling of Plaintiff's false arrest, excessive force and deliberate indifference claims.  Plaintiff has not shown that he exercised reasonable diligence within the limitations period to obtain relevant medical or trial

records, Pearl, 296 F.3d at 85; more importantly, such records were not required to enable him to commence his suit.  See Rotella, 528 U.S. at 555 ("In applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not the discovery of the other elements of a claim, is what starts the clock."); Gonzales v. Wright, 665 F. Supp. 2d 334, 348-49 (S.D.N.Y. 2009) ("[d]elay in discovering the cause of injury does not prevent the claim from accruing"). "New York does not toll the limitations period . . . [simply] because plaintiff is a pro se litigant." Fairley, 2011 WL 1002422, at *5 (citation omitted).  Plaintiff was aware of his injuries at the time they were allegedly inflicted, and of the alleged deliberate indifference at the time medical care was denied.  He does not proffer any basis for a determination that the criminal record contained information essential to the assertion of his false arrest claim.  Accordingly, Plaintiff's false arrest, excessive force and deliberate indifference claims under section 1983 are barred under the applicable three-year statute of limitations and are hereby dismissed.

State Law Claims

        Plaintiff alleges certain facts that, liberally construed, might state tort claims for false arrest assault, battery, or negligence.  However, these claims must be dismissed because Plaintiff has failed to satisfy the relevant state statutory notice requirements.

        Pursuant to section 50–e of the New York General Municipal Law, filing a notice of claim within 90 days of the date the claims arises is a mandatory prerequisite to bringing a tort claim against a public corporation, or any of its officers, appointees, or employees.  See Brown v. Metro. Transp. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989).  Absent a plaintiff's allegation that he filed a notice of claim, the complaint must be dismissed for failure to state a cause of action.  (Id.)  Further, a request for an extension of this time limit must be filed in the "supreme court or to the county court" without exception.  N.Y. Gen. Mun. Law § 50-e(5) (McKinney).

District courts lack jurisdiction over an application to toll a claim that is barred by section 50-e. See <u>Brown</u>, 717 F. Supp. at 259.  Each of the Defendants is either a New York municipal entity or an officer thereof.  Plaintiff has not alleged that he provided any notice to New York City, or the NYPD, as required by statute.  Consequently, the Court must dismiss these claims.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) is granted as to all of Plaintiff's claims.  This Memorandum Order resolves docket entry numbers 44 and 58.  The Clerk of Court is requested to enter judgment dismissing the complaint and close the case.  Each party to bear its own costs.

SO ORDERED.

Dated: New York, New York
September 24, 2014

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Famian Cornado
3339 Park Ave.
Bronx, NY 10456
347/291-8120